IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

TAMIKA S. DICKENS,

    Debtor.                                                             Case No. 05-09878-8-JRL

## ORDER

This case is before the court on the *pro se* debtor's motion for reconsideration of the order granting Irwin Mortgage Company (IMC) relief from the automatic stay.

This is the debtor's fifth *pro se* Chapter 13 case since 2003. The court dismissed the first case for the debtor's failure to file schedules and statements. She also failed to pay her filing fee in that case. The court dismissed cases two through four for the debtor's failure to pay the filing fee. On September 29, 2005, IMC filed a motion to reopen the fourth case, which was scheduled for hearing on October 26, 2005. According to the docket, the debtor was served with notice of that hearing on October 9, 2005.

On October 15, 2005, the debtor filed the subject case. On October 20, 2005, IMC filed its motion for relief from the automatic stay. IMC moved for a shortened 5-day response period so that the court could consider its motion for relief from stay at the scheduled hearing on October 26, 2005. The court granted IMC's motion to shorten the response time. The order stated that the motion for relief from automatic stay would be heard on October 26, 2005. On October 24, 2005, the debtor received telephonic notice of the hearing and notice by mail.

The debtor filed her motion for reconsideration nine days after the court entered an order granting

1

IMC relief from the automatic stay. The debtor asserts that she was unable to attend the hearing on October 26, 2005 due to a conflicting hearing in Wilson County. Attached to the debtor's motion is a document, entitled "Conditions of Release and Release Order," which required the debtor's presence in state district court on October 26, 2005, and was signed by a magistrate judge on September 29, 2005.

Bankruptcy Rule 9023 adopts Federal Rule 59. Rule 59(e) allows the court to correct errors by amending an earlier judgment. In the Fourth Circuit, three limited grounds for amendment are recognized: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104, 119 S.Ct. 869 (1999). None of these categories fit the circumstances in this case.

Bankruptcy Rule 9024 adopts Rule 60. Under Rule 60(b), the court may relieve a party of a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The debtor had knowledge of the bankruptcy hearing, chose not to attend that hearing due to a scheduling conflict, and never made arrangements with the court or the creditor to continue that hearing. The pertinent issue is whether the debtor's conduct constituted "excusable neglect." When considering the excusable neglect standard under Rule 60(b), the court applies the analysis articulated in

2

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). *See* Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533 (4th Cir. 1996)(Pioneer standard is not limited to analysis under Bankruptcy Rule 9006(b)(1)); Skinner v. First Union National Bank, 178 F.3d 1285, 1999 WL 261944 (4th Cir. 1999)(Pioneer standard has general application to analysis of excusable neglect).

The Court stated that "neglect" encompasses both "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Pioneer, 507 U.S. at 388. Here, the debtor was neglectful in carelessly failing to attend the scheduled hearing or failing to seek a continuance of the hearing. The case administrator confirmed that the debtor failed to contact the bankruptcy court regarding the conflicting hearing dates.

The determination of whether the neglect is excusable is an "equitable one, taking into account all relevant circumstances surrounding the party's omission." Id. at 395. Such circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. In Pioneer, the Court considered the equitable factors in the context of creditors filing late proof of claims, and the issue was whether the neglect of the creditors was excusable. Despite the different set of facts in this case, the factors are still instructive.

First, in determining whether the debtor's neglect was excusable, the court considers the danger of prejudice to the non-movant creditor. Here, the debtor has engaged in a pattern of filing Chapter 13 cases where she has enjoyed the benefits of the automatic stay against her creditors.[1] However, she has

---

[1] The debtor filed all of her cases prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

3

failed to comply with the requirements for maintaining any of these Chapter 13 cases, so the court has continuously dismissed her cases. Nevertheless, the debtor has always managed to re-file a case prior to IMC obtaining any relief from the court. The subject hearing was scheduled to address IMC's motion to reopen the fourth case and motion for relief from the automatic stay in the fifth case. Excusing the debtor for her failure to attend the hearing would be prejudicial to IMC, as the debtor's conduct has continuously prevented IMC from completing a foreclosure action pursuant to its deed of trust.

Secondly, the court considers the length of the debtor's neglect. This factor is more applicable in the context of Pioneer, where the neglect involved a late filing. Here, the debtor failed to appear at a hearing and then sought relief from the judgment entered against her nine days thereafter. The debtor was not dilatory in seeking to correct her neglectful conduct.

Third, the court considers the reason for the debtor's conduct, including whether it was within her reasonable control. The debtor asserts that she failed to attend the hearing due to another hearing scheduled in state court. The situation was within the debtor's reasonable control, as she could have sought a continuance from the bankruptcy court.

Finally, the court considers whether the debtor acted in good faith. The debtor chose to attend the state court hearing in lieu of the bankruptcy court hearing and failed to notify the bankruptcy court of her conflict. The debtor asserts that she was not trying to "delay or defraud" the court or IMC; rather, she was "just unable to afford representation" in this matter. While a court should make reasonable allowances for *pro se* litigants, *pro se* status alone does not establish excusable neglect. Flaherty c. Hackeling, 221 F.R.D. 383, 386-387 (E.D.N.Y. 2004)(*pro se* litigants's failure to attend conferences did not constitute excusable neglect where he was capable of notifying the court or his adversaries of his health condition). Based on

4

the debtor's cycle of filing Chapter 13 cases and suffering dismissal for the same deficiencies, the court finds that the debtor has not filed these cases with a sincere desire to complete them. Relieving the debtor from the judgment at issue would only condone abuse of the bankruptcy system.

Weighing all the equitable factors, the court finds no relief for the debtor under Rule 60(b)(1). The only other potential source for relief is the catchall provision under Rule 60(b)(6). However, in Pioneer, the court made clear that 60(b)(6) is applicable in "extraordinary circumstances" where the party is "faultless." Pioneer, 507 U.S. at 393. That is not the case here.

Based on the foregoing, the court denies the debtor's motion to reconsider.

**So Ordered.**

**Dated:  December 6, 2005**

J. Rich Leonard
United States Bankruptcy Judge

5